McFarland, J.,
delivered tbe opinion of tbe court.
Tbis was a petition by Colley to tbe circuit court of Dyer county, for a certiorari and supersedeas to' bring up and quasb an execution issued by a justice of Dyer county, founded upon an execution certified from a justice of *622 Lauderdale county, purporting to have been issued upon a judgment rendered by the justice of Lauderdale in favor of Pillow against J. IT. AYatson and the petitioner Colley as stayor. The writs were granted, but upon return' thereof, upon motion, the petition was dismissed. The first ground for relief in the petition is that petitioner did not authorize the justice to enter his name as stayor. He sets forth an order which he did send to the justice, bus he does not aver that this had reference to a different judgment; but he evidently relies upon a variance in description between the judgment referred to in this order and the one actually rendered, -and to which his name was entered as stayor. But we think it manifest that the order referred to the same judgment; parol proof, at any rate, might have been heard to show that the order referred to the same judgment. Stayors have been held bound in many cases where the variance between the judgment and the reference thereto in the order' was greater than in the present case.
But the petition contains this further statement: “Petitioner is informed and believes that a large amount had already been paid on said judgment by said AYatson before said execution issued, for which there has been no credit .given.” The execution shows no credit. Upon this allegation it was error to dismiss the petition without giving the petitioners an opportunity to establish the facts alleged; if established, he was entitled to have the execution quashed, except as to the amount really due.
Reversed and remanded for further proceedings.